UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marva Collins, et al.,

       Plaintiffs,

v.

Marva Collins Preparatory School, et al.

       Defendants.

Case No. 1:05cv614

Judge Michael R. Barrett

## OPINION AND ORDER

This matter comes before the Court on Roberta Schlachter's Motion to Dismiss the Complaint (Doc. 2); Mark Schlachter's Motion to Dismiss the Complaint (Doc. 3); Cleaster Mims' Motion to Dismiss the Complaint (Doc. 5); Marva Collins Preparatory School's Motion to Dismiss the Complaint (Doc. 6); Smith Family Foundation and Gale Smith's Motion to Dismiss the Complaint (Doc. 11).  Plaintiff responded to all the Motions to Dismiss the Complaint (Doc. 15).  The respective defendants each filed a reply in support.  However, by Order dated January 25, 2006 (Doc. 23) the Court granted Plaintiff leave to amend the Complaint.  The Amended Complaint was filed on January 26, 2006 (Doc. 24).  Thus, the Court denies the motions to dismiss the complaints (Docs. 2, 3, 5, 6, and 11) as **MOOT**.

In response to the Amended Complaint the following motions to dismiss were filed:  Roberta Schlachter's Motion to Dismiss the Amended Complaint (Doc. 28); Mark Schlachter's Motion to Dismiss the Amended Complaint (Doc. 29); Cleaster Mims' Motion to Dismiss the Amended Complaint (Doc. 26); Marva Collins Preparatory School's Motion to Dismiss the Amended Complaint (Doc. 27); Smith Family Foundation

and Gale Smith's Motion to Dismiss the Amended Complaint (Doc. 32). Plaintiffs filed a memorandum in opposition to all the motions to dismiss (Doc. 34). The Defendants filed replies in support of their motions (Docs. 35, 36, 37 and 38). Plaintiffs then filed a sur-reply (Doc. 46). A hearing was held on June 28, 2007.

I. **FACTS**

Plaintiffs Marva Collins and Marva Collins Seminars filed suit against Marva Collins Preparatory School, Cleaster Mims, Roberta Schlachter, Mark Schlachter, The Smith Family Foundation and Gale Smith. Plaintiffs are alleging violations by Defendants of Federal Trademark Law, Ohio Deceptive Trade Practices Act, invasion of privacy and civil conspiracy. By all accounts, Plaintiff, Marva Collins, is a well respected and well known educator (Doc. 24, ¶27-36). She has designed a method of teaching, known as the "Marva Collins Method" which was designed to educate the "unteachable" and demands that students meet the standard of excellence (Id., ¶19, 22). Plaintiff Marva Collins Seminars ("MCS") is a business owned by Marva Collins which offers training in the form of three-day workshops and two-day follow-up workshops in most states. (Id., ¶39). MSC also sells books, video, flash cards and other educational materials advertised and/or sold in every state. (Id., ¶41). Marva Collins and MSC are trademarks, service marks, or marks used by Marva Collins and MCS to identify and distinguish their goods and services from those manufactured or offered by others. (Id., ¶42).

Marva Collins Preparatory School ("MCPS") is a K-8 school located in Cincinnati, Ohio which "purports to be a 'replica' of Westside Preparatory School," an inner-city school educating 'unteachable' children located in Chicago, Illinois founded by Plaintiff

Marva Collins." (Doc. 24, ¶5, 7). Cleaster Mims ("Mims") is the chief operating officer of MCPS. (Id., ¶8). Roberta Schlachter donated money to MCPS. MCPS has named one of its campuses after Ms. Schlachter. (Id., ¶9). Mark Schlachter is the son of Roberta Schlachter and is a member of the board of trustees of MCPS. (Id., ¶ 10). Smith Family Foundation ("SFF") is a nonprofit organization that provides business planning assistance and financial assistance to other nonprofit organizations, including MCPS. (Id., ¶11). Gale Smith is the president and treasurer of SFF. (Id., ¶12).

On or about 1990 Marva Collins met with Rev. L. Vencheal Booth and Charles Beaty in Cincinnati, Ohio to discuss the possibility of opening a school in Cincinnati modeled after the Westside Preparatory School in Chicago. (Id., ¶43-44). No formal arrangements regarding finances or naming rights were entered into between Ms. Collins, Rev. Booth and Mr. Beaty. (Id.) Rev. Booth and Mr. Beaty operated a school that they called the Marva Collins Preparatory School. (Id., ¶45). Later, Ms. Mims became associated with MCPS and claimed to be the "founder." (Id., ¶46). Ms. Mims never discussed founding MCPS with Ms. Collins and she never received any training from Ms. Collins. She also never sought permission to use the name Marva Collins. (Id., ¶47).

MCPS and Ms. Mims have alternatively claimed that Ms. Collins is an "advisor" to MCPS and that she is on the Board of Trustees. (Id., ¶53). These claims are not true. (Id., ¶54). In addition, MCPS and Ms. Mims purport to train educators in the "Marva Collins Method" despite the fact that Marva Collins and MSC have not authorized this training nor are MCPS and Ms. Mims qualified to offer such training (Id., ¶55).

Ms. Collins informed Mark Schlachter that she was not associated with MCPS and asked him not to give money to MCPS. (Id., ¶ 66).  On January 24, 2002 and again at various times in February and March, 2005, Ms. Collins had her attorney write to Ms. Mims and MCPS demanding that they quit using her name.  (Id., ¶67-71).  On March 16, 2005 Ms. Collins wrote to Gale Smith and SFF informing them that she was not associated with MCPS and that MCPS did not have permission to use her name. (Id., ¶73).  On March 22, 2005, Ms. Collins held a press conference in Cincinnati wherein she publically explained that she did not give permission for Mims or MCPS to use her name (Id., ¶75).

## II. ARGUMENTS OF THE PARTIES

As to Plaintiffs claims for trademark infringement and the Ohio Deceptive Trade Practices Act, MCPS and Mims argue that laches and estoppel prevents Plaintiffs claims since Plaintiff Collins was aware of MCPS exisentence for over 15 years.  MCPS and Mims further argue that Plaintiffs actual misconduct or intentional inaction misled MCPS and Ms. Mims to believe that Plaintiffs would not assert any trademark rights thereby acquiescing to the use.  MCPS and Mims also argue that they are not in direct competition with Plaintiffs since MCS trains adults and MCPS educates children.  MCPS and Mims argue that Plaintiffs can not prove an invasion of privacy because MCPS does not use the name Marva Collins for commercial purposes.  Finally, MCPS and Mims argue that Plaintiffs can not prove a civil conspiracy because there is no allegation of malicious activity.

Mark Schlachter, Roberta Schlachter, Gale Smith and the Smith Family Foundation each make similar arguments in their respective motions to dismiss.  They

also each argue that Plaintiffs have made no allegations against them as to violations of the Lanham Act or the Ohio Deceptive Trade Practices Act, specifically that Plaintiffs have not alleged anything that these Defendants did that would cause confusion or be in direct competition with Plaintiffs.  Plaintiffs only assert that Mark Schlachter is a board member of MCPS, that Roberta Schlachter contributed financially to MCPS; that Gale Smith is the president of SFF and that SFF facilitated fundraisers for MCPS.  Further, Plaintiffs have not alleged that these defendants did anything to invade Ms. Collins privacy or that these defendants did anything malicious in furtherance of a conspiracy.

In response, Plaintiffs argue that Ms. Mims and MCPS do not deny violating Plaintiff's trademark and service marks.  Further, Plaintiffs argue that laches does not apply as the Defendants are guilty of progressive encroachment.  And, even if laches applies, Plaintiffs would still be able to obtain injunctive relief and damages sustained after the complaint was filed.  Plaintiffs then argue that the Defendants have and continue to violate Plaintiffs trademarks, the Ohio Deceptive Trade Practices Act, Plaintiffs' privacy, and have engaged in a civil conspiracy.

### III.    ANALYSIS

#### A.    Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint.  The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual

allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007)[1], a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Once a claim has been stated adequately, it may be

---

[1] The Sixth Circuit has not applied the *Twombly* motion to dismiss standard yet. However, the First, Third, Seventh, and Tenth Circuits have all cited *Twombly* when applying the 12(b)(6) standard. The Second Circuit in *Iqbal v. Hasty*, 2007 U.S. App. LEXIS 13911 (2d Cir. 2007) stated that "after careful consideration of the Court's opinion and the conflicting signals from it that we have identified, we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." As of the writing of this Opinion, Eight District Courts in the Sixth Circuit have applied the *Twombly* standard thus. *See United States ex rel. Howard v. Lockheed Martin Corp.*, 2007 U.S. Dist. LEXIS 47029 (S.D. Ohio June 28, 2007); *Massey v. Inman*, 2007 U.S. Dist. LEXIS 46389 (E.D. Tenn. June 26, 2007); *Ellis v. Bradley County*, 2007 U.S. Dist. LEXIS 45715 (E.D. Tenn. June 22, 2007); *Fisher v. Caruso*, 2007 U.S. Dist. LEXIS 45366 ( E.D. Mich. June 22, 2007); *McKnight v. Gates*, 2007 U.S. Dist. LEXIS 44955 (M.D. Tenn. June 20, 2007); *Reid v. Purkey*, 2007 U.S. Dist. LEXIS 42761 (E.D. Tenn. June 11, 2007); *Agfa Photo United States Corp. v. Parham*, 2007 U.S. Dist. LEXIS 40980 (E.D. Tenn. June 5, 2007). But *See United States v. Harchar*, 2007 U.S. Dist. LEXIS 47028 (N.D. Ohio June 28, 2007)("*Twombly* merely held that a complaint that alleged only parallel conduct did not state a claim for an antitrust conspiracy. The Supreme Court did not purport to change the applicable 12(b)(6) standards... ."(cites omitted)).

supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

### B.   Legal Analysis

Plaintiff's Amended Complaint alleges violations of Federal trademark law, Ohio Deceptive Trade Practices Act ("ODTPA"), and state claims of invasion of privacy and civil conspiracy.  For the reasons set forth below, the Court GRANTS the Motions to Dismiss of Roberta Schlachter (Doc. 28), Mark Schlachter (Doc. 29), and Smith Family Foundation and Gale Smith (Doc. 32).[2]  The Motions to Dismiss of Cleaster Mims (Doc. 26) and Marva Collins Preparatory School (Doc. 27) is GRANTED, in part, and DENIED, in part.

#### 1.   The Lanham Act/Ohio Deceptive Trade Practices Act (Counts One and Two)

The Lanham Act[3] makes it illegal for any person to use an owner's mark if it "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with" the owner of the mark.  15 U.S.C. 1125(a)(1)(A).  When a person illegally uses an owner's mark, that is an "infringement." *Tumblebus Inc. v. Cranmer,* 399 F.3d 754, 760 (6th Cir. 2005).  Plaintiff alleges that the Defendants infringed on the "Marva Collins" mark.

---

[2] Mark Schlachter and Roberta Schlachter shall be referred to as the "Schlachter Defendants".  Gale Smith and the Smith Family Foundation shall be referred to as the "Smith Defendants".

[3] Ohio Courts look to the Lanham Act when interpreting the Ohio Deceptive Trade Practices Act.  *See Spafford v. Cuyahoga Community College*, 2005 Ohio App. LEXIS 1607 (April 7, 2005).  Thus, the Ohio Deceptive Trade Practices Act claim will not be separately analyzed.

### a. Schlachter and Smith Defendants

Even taking Plaintiffs' allegations as true, as the Court must, Plaintiffs can not state a claim for relief as to Roberta Schlachter, Mark Schlachter, Gale Smith and the Smith Family Foundation. These Defendants argue, and the Court agrees, that Plaintiffs have made no allegations against them as to violations of the Lanham Act or the Ohio Deceptive Trade Practices Act, specifically that Plaintiffs have not alleged anything that these Defendants did that would cause confusion or be in direct competition with Plaintiffs. Mark Schlachter is a board member of MCPS, one of many but the only one named in the Amended Complaint. Roberta Schlachter contributed financially to MCPS, again, one of many. MCPS honored her by naming a campus after her; however, neither her financial support nor the fact that a campus was named after her demonstrates a violation of the Lanham Act or the Ohio Deceptive Trade Practices Act. In addition, the fact that Mark Schlachter and Roberta Schlachter also appeared in a photograph that was taken in front of the school and was published in a newspaper does not violate the Lanham Act or the ODTPA. Gale Smith is the president of SFF which facilitated fundraisers for MCPS. Neither the act of facilitating fundraisers or being president of an organization that does demonstrates a violation of the Lanham Act or the ODTPA. Plaintiffs have not alleged that Mark Schlachter, Roberta Schlachter, Gale Smith or SFF had anything to do with the naming of the school or that they in any way have control of the name of the school.

Plaintiffs argue that the Schlachter and Smith Defendants are liable based on a vicarious liability theory. More specifically, Plaintiffs argue that the Schlachter and Smith Defendants are contributorially responsible for the infringement, that they

participated, planned and approved the infringement, that they are joint tortfeasors, and that they are the moving force behind the infringement. (See Doc. 34, pp24-31). For the reasons set forth below the Court disagrees.

Plaintiff relies on *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 853 (1982). The Supreme Court in *Inwood Laboratories* held that "liability for trademark infringement can extend beyond those who actually mislabel goods with another mark." The Court went on to state that if a "manufacturer or distributor intentionally induces another to infringe a trademark" that person can be "contributorially responsible for any harm done as a result." *Id.* Plaintiffs then go on to cite cases from other circuits to support their argument.[4] However, none of the cases cited by Plaintiff are analogous to the facts of this case as presently before the Court. None of the Schlachter or Smith Defendants are manufacturers or distributors. Mr. Schlachter is one board member. Mrs. Schlachter donated money to the MCPS. The Smith Defendants raised money for MCPS and posted information about the school on the SFF website. These acts, in no fashion, constitute a contributory infringement. Plaintiff does allege that the Defendants, including the Schlachter and Smith Defendants formed an agreement to use the Marva Collins name without permission (Doc. 24, ¶87). However, that mere allegation, even if true, can not form the basis of a trademark infringement claim against the Schlachter and Smith Defendants. Plaintiffs have not

---

[4] See *Meridien Hotels Inc. v. LaSalle Hotel Operating Partnership, L.P.*, 380 F.3d 126 (2nd Cir. 2004); *Fonovisa, Inc. v. Cherry Auction, Inc.,* 76 F. 3d 259 (2nd Cir. 1996); *Hard Rock Café Licensing Corp. v. Concession Services Inc.,* 955 F.2d 1143 (7th Cir. 1992); *Getty Petroleum Corp. v. Aris Getty, Inc.,* 55 F. 3d 718 (1st Cir. 1995); *New York Stock Exchange, Inc. v. Zito*, 196 F. Supp. 2d 401 (S.D.N.Y. 2002).

alleged that they had any control over the naming of the school in 1990 or that they have any control today.

Plaintiffs also argue that there is Sixth Circuit case law that has found corporate officers liable for trademark infringement because they "directly participated in and authorized the infringement" or "actively" participated in the selection and use of the infringing marks." See *Griff Machine Products Co. v. Gripton Systems, Inc.,* 1985 U.S. Dist. LEXIS 18462 (N.D. Ohio June 27, 1985; *Hair Associates, Inc. v. National Hair Replacement Services, Inc.* 987 F. Supp. 569 (W.D. Mich. 1997). As previously stated above, it is not alleged that the Schlachter and Smith Defendants had anything to do with choosing the name of the school. In fact, it is clear from the Amended Complaint that Plaintiff Marva Collins and Rev. Booth and Mr. Beaty were involved in the naming of the school. Furthermore, Plaintiffs have not alleged the Schlachter nor the Smith Defendants have any control over the name of the school today.

Plaintiffs final arguments are that the Schlachter and Smith Defendants are liable as joint torfeasors pursuant to the Restatement of the Law Torts, §876 and that they are a "moving, active conscious force" behind the infringement citing *Bambu Sales Inc. v. Gulack Trading Co.,* 683 F. Supp 899, 913 (E.D.N.Y. 1987). The Court in *Bambu* found that a corporate officer maybe personally liable if he instructed his employees regarding the infringement, approved the transactions and examined the offending products. *Id.* For the previously stated reasons, this case is distinguishable.

The Motion to Dismiss of the Schlachter and Smith Defendants as to the Trademark Infringement claim and ODTPA claim are GRANTED.

### b. MCPS and Mims

Defendant MCPS and Mims raise the affirmative defenses of laches and estoppel. Laches amounts to an unreasonable delay in enforcing one's rights whereas estoppel requires a finding of some affirmative conduct by the plaintiff. A finding of laches prevents a plaintiff from recovering damages for infringement that occurs prior to the filing of an action, whereas estoppel forecloses a plaintiff from obtaining injunctive relief. *SCI Systems, Inc. v. Solidstate Controls, Inc.*, 748 F. Supp. 1257, 1261 (D. Ohio 1990) *citing MGA, Inc. v. Centri-Spray Corp.*, 699 F. Supp. 610, 612 (E.D. Mich. 1987) and *Tandy Corp. v. Malone & Hyde, Inc.,* 769 F.2d 362, 366 n. 2 (6th Cir. 1985), cert. denied, 476 U.S. 1158, 90 L. Ed. 2d 719, 106 S. Ct. 2277 (1986); *TWM Manufacturing Co. Inc. v. Dura Corp.*, 592 F.2d 346, 349-50 (6th Cir. 1979), cert. denied, 479 U.S. 852, 93 L. Ed. 2d 117, 107 S. Ct. 183 (1986).

Laches arises from an unreasonable delay in enforcing one's rights which materially prejudices the alleged infringer. A plaintiff, however, is entitled to some latitude to assess the impact of another's use of an allegedly infringing trademark and the wisdom of pursuing litigation on the issue; there is a strong presumption that plaintiff's delay is reasonable so long as the analogous statute of limitations has not elapsed. *Tandy Corp.*, 769 F.2d at 356-66. Here, the analogous Ohio law is the two-year statute of limitations for injury to persons and personal property found in Ohio Rev. Code § 2305.10. See also *SCI Systems, Inc.*, 748 F. Supp. at 1261.[5] The presumption

---

[5] Plaintiffs' Ohio Deceptive Trade Practices Claim may very well be barred by the Statute of Limitations; however, based upon the ruling herein the Court declines to address this issue at this time.

of reasonableness vanishes, however, and a presumption of laches arises once that two-year period has expired. *Id. citing TWM Manufacturing Co. Inc.*, 592 F.2d at 348; *Tandy Corp.*, 769 F.2d at 365-66; *General Electric Co. v. Sciaky Bros., Inc.*, 304 F.2d 724, 727 (6th Cir. 1962). Plaintiff is barred from recovering damages for infringement once the statutory period expires unless plaintiff can rebut the presumption of prejudice; rebut the presumption of unreasonable delay; or show that the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor. *Id*.

A finding of laches alone, however, is not enough to foreclose prospective relief in an infringement action. To defeat a suit for injunctive relief, a defendant must also prove elements of estoppel which requires more than a showing of mere silence on the part of a plaintiff; defendant must show that it had been misled by plaintiff through actual misrepresentations, affirmative acts of misconduct, intentional misleading silence, or conduct amounting to virtual abandonment of the trademark. *Id.* at 1261-1262; *Tandy Corp.*, 769 F.2d at 366 n. 2.

Defendants MCPS and Mims contend that even assuming that plaintiff had trademark rights to assert, plaintiff's opportunity to assert those rights expired years ago and that therefore plaintiff's infringement action is barred by the doctrines of laches and estoppel. Defendant argues that plaintiff should have brought this action within two years from 1990 when she met with Rev. L. Vencheal Booth and Charles Beaty in Cincinnati.

Plaintiff, on the other hand, argues that laches and estoppel do not apply in this case due to the doctrine of progressive encroachment. The Sixth Circuit has held that

progressive encroachment stands for the "principle that if the junior user of the mark moves into direct competition with the senior user, selling the same 'product' through the same channels and causing actual market confusion, laches is no defense." *Kellogg Company v. Exxon Corp.*, 209 F.3d 562, 572 (6th Cir. 2000). Plaintiff maintains that she open a preparatory school in 1975, that she developed the "Marva Collins Method" of education and that she has had great success which led to national recognition. She also maintains that she formed a business called Marva Collins Seminars (MCS) that offers training in her method of teaching. Plaintiff specifically states, "[w]ith the success of Marva Collins and MCS as a backdrop, one can see how Defendants have progressively encroached on Plaintiffs' trademark and business." (Doc. 34, p11). However, Plaintiff misses the mark here. The principle of progressive encroachment is that a junior user of a mark moves into direct competition with a senior user. Not that the senior user has greater success and expands her business. MCPS began as a K-8 school in 1990 and continues to be a K-8 school today. Although MCPS has grown, it is still one school operating in the same market as it did in 1990.[6] If this was the only allegation brought by Plaintiff, the Court would agree that laches and estoppel would be a viable defense. However, Plaintiff also alleges that as recently as the summer of 2005 MCPS and Mims were conducting training seminars in the "Marva Collins Method" of teaching. This expansion could arguable be viewed as entry into another market. *See Kellogg Company v. Exxon Corp.*, 209 F.3d at 572. Therefore, Plaintiff has alleged sufficient facts at this state of the litigation to survive on the claim of

---

[6]MCPS is now comprised of two locations. One for PreK-3 and the other for 4-8.

**13**

trademark infringement and ODTPA. *See Prudential Insurance Co. v. Gibraltar Financial Corporation*, 694 F.2d 1150, 1154 (9th Cir. 1982), cert. denied, 463 U.S. 1208, 77 L. Ed. 2d 1389, 103 S. Ct. 3538 (1983)(Changes in a mark over the years and recent entry into the same marketing area can defeat a defense of laches).

Defendants MCPS and Mims raise the affirmative defense of acquiescence to the use of the trademark. Although the Court does see some problem with the fact that Plaintiff Collins or MCS did not raise any issue with MCPS use of the "Marva Collins" name for twelve years, the fact that MCPS and Mims are now conducting training seminars that appear to be in direct competition with MCS and that Ms. Collins has directed the Defendants to stop using her name in 2002 and then numerous times in 2005 is enough to survive the motion to dismiss.

Defendant MCPS and Mims also argue that the Lanham Act is not applicable because the alleged activities did not take place in interstate commerce but were instead limited to intrastate commerce. However, as Plaintiffs correctly point out, "commerce" means "all commerce which may lawfully be regulated by Congress" and that includes intrastate commerce which has a substantial effect on interstate commerce. *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 795 (6th Cir. 1957) *citing Mandeville Island Farms v. American Crystal Sugar Co.*, 334 U.S. 219, 232-237, 68 S.Ct. 996, 92 L.Ed. 1328 (1948). The Amended Complaint sets forth facts showing that Plaintiffs' use their mark in interstate commerce and sufficiently alleges that the Defendants use of the mark in Ohio has a substantial economic effect upon interstate commerce.

Plaintiffs filed a sur-reply addressing the argument made by Defendants MCPS and Mims that Plaintiffs had not registered the mark and thus were not entitled to protection. Plaintiffs correctly assert that the Lanham Act does offer protection to nonregistered marks. The Lanham Act, in § 43(a), offers protection for the use by any person of "any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods . . . . " 15 U.S.C. § 1125(a). *Wal-Mart Stores v. Samara Bros.,* 529 U.S. 205, 209 (U.S. 2000).

Defendants MCPS and Mims' motions to dismiss the trademark infringement claim and ODTPA claim are DENIED.

### 2. Invasion of Privacy (Count Three)

Defendant MCPS and Mims argue that a claim of invasion of privacy can not survive since O.R.C. § 2741.02 states that "A person shall not use any aspect of an individual's persona for a commercial purpose..." and that the Amended Complaint does not allege a commercial purpose. They further allege that Plaintiff's claim is barred by the doctrines of laches, estoppel and acquiescence. Plaintiffs counters that §2741.02 is not applicable because Mrs. Collins did not bring a claim under that statute and, in fact, is prohibited from doing so because that statute applies only to Ohio residents. The Court agrees. See O.R.C. §2741.03. The Court does find it suspect that Mrs. Collins has waited so long to challenge this alleged invasion of privacy. However, Plaintiff Collins has sufficiently alleged a claim of invasion of privacy to survive a motion to dismiss by MCPS and Mims. If Mrs. Collins did previously consent to the use of her name, she clearly alleges that such consent is no longer afforded to Defendant MCPS.

Furthermore, the Amended Complaint alleges that Defendant MCPS and Mims are now offering training seminars in the "Marva Collins Method" of teaching which, according to the Amended Complaint, is a fairly recent development. Thus, Defendants MCPS and Mims' motions to dismiss this count are DENIED.

The Amended Complaint does not allege that the Schlachter Defendants or Smith Defendants "appropriated" to their own use or benefit Mrs. Collins name. As such and for the reasons previously set forth, the Motions to Dismiss of the Schlachter and Smith Defendants as to the claim of invasion of privacy are GRANTED.

### 3. Civil Conspiracy (Count Four)

In order to prove a civil conspiracy, Plaintiffs must prove a violation of an underlying "unlawful act" and "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages". *Williams v. Aetna Finance Co.,* 83 Ohio St.3d 464, 175 (1998). Since this Court has already granted the Motion to Dismiss of the Schlachter Defendants and the Smith Defendants as to the other claims, there can be no conspiracy as there must be a combination of two or more persons. Defendant Mims is the chief operating officer of MCPS and as such can not create a conspiracy between herself and the organization she heads. Thus, the Motions to Dismiss of all the Defendants as to this civil conspiracy claim are GRANTED.

### IV. CONCLUSION

Based upon the foregoing, the Motions to Dismiss the Complaint (Docs. 2, 3, 5, 6, and 11) are MOOT; the Motions to Dismiss the Amended Complaint filed by Mark Schlachter, Roberta Schlachter, Gale Smith and the Smith Family Foundation (Docs.

28, 29, and 32) are hereby GRANTED. The Clerk of Court is directed to terminate the above referenced Defendants as parties in this matter. The Motions to Dismiss the Amended Complaint of Marva Collins Preparatory School and Cleaster Mims (Docs. 26 and 27) are DENIED as to Counts One, Two and Three of the Amended Complaint and GRANTED as to Count Four.

**IT IS SO ORDERED.**

 s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court